IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| In re:<br>THE HOLLADAY HOUSE, INC.,<br>            Debtor.<br><br>D.M. REID ASSOCIATES, LTD./MID-ATLANTIC,<br>            Appellant,<br>    v.<br><br>THE HOLLADAY HOUSE, INC., *et al.*,<br>            Appellee. | Civil Action Number 3:08cv286 |

**MEMORANDUM OPINION**

This is an appeal from a bankruptcy proceeding pursuant to Title 28, United States Code, Section 158(a). The case concerns the bankruptcy judge's March 14, 2008 determination that the appellant had a perfected security interest only in the inventory conveyed pursuant to a consignment agreement between the parties rather than in the entirety of the appellee's inventory. For the reasons stated below, the Court affirms the bankruptcy court's findings.

**I. FACTS AND PROCEDURAL HISTORY**

The debtor-appellee Holladay House ("Holladay" or "appellee") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 21, 2007. On January 30, 2008, Holladay filed a Motion for Authority to Use Cash Collateral pursuant to Section 363(c)(2)(B) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure. On February 13, 2008, appellant D.M. Reid Associates ("D.M. Reid" or "appellant") filed an objection to Holladay's Motion, contending that D.M. Reid possessed a security interest in Holladay's inventory

that would not be adequately protected if the Motion were granted.  The parties briefed the legal issues involved and on February 27, 2008, the bankruptcy court held a hearing to determine if D.M. Reid had a security interest in Holladay's inventory and, if so, how such interest could be protected if Holladay were permitted to use its cash collateral.  On March 14, 2008, the bankruptcy court issued a Memorandum Opinion finding that D.M. Reid had a security interest only in the inventory it provided Holladay via their September 2007 Consignment and Security Agreement.  As Holladay's Motion implicated only non-consigned inventory, the bankruptcy court approved its use of cash collateral.

   The controversy arises from a September 2007 agreement for D.M. Reid to conduct a 90-day sales promotional event for Holladay.  As part of this arrangement, the parties entered into a Consignment and Security Agreement and a Promotion Agreement, under which D.M. Reid consigned furniture to Holladay for sale to consumers during this event.  On or about September 18, 2007, D.M. Reid timely filed a form UCC-1 Financing Statement with the State Corporation Commission for the Commonwealth of Virginia.  Rather than depicting the collateral on the Financing Statement itself, D.M. Reid wrote "SEE ATTACHED LIST" in the section for the description of covered collateral.   Attached to the Financing Statement was a one-page document entitled "Attachment to UCC . . . The Holiday House, Inc." ("Attached List") that describes D.M. Reid's collateral as "[a]ll inventory, furniture and furnishings of every kind, accessories, goods, merchandise, finished inventory, delivered to consignee at any time by consignor pursuant to a consignment agreement between the consignee and consignor[.]"  In addition, D.M. Reid filed the Consignment and Security Agreement with the State Corporation Commission.  Neither the

Financing Statement nor the Attached List references or incorporates the Consignment and Security Agreement, a form document with a broader definition of collateral.

## II. LEGAL ANALYSIS

The applicable standard of review of the bankruptcy court's findings of fact is whether such findings are clearly erroneous. *Green v. Staples (In re Green)*, 934 F.2d 568, 570 (4th Cir. 1991); Bankruptcy Rule 8013. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 250 (4th Cir. 1994)(quoting Bankruptcy Rule 8013). Conclusions of law and questions of statutory interpretation are reviewed *de novo*. *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002); *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994).

To perfect an attached security interest when the debtor retains possession of collateral such as inventory, the secured party must file a properly completed financing statement in the appropriate UCC filing office. VA. CODE ANN. §8.9A-310 (Supp. 2007). To be properly filed, the financing statement must provide the names of the debtor and secured party and indicate the collateral covered by the statement. VA. CODE ANN. §8.9A-502(a) (2001). The filing of the financing statement at the correct UCC filing office is done to give notice to third parties of the existence of the lien. *Fed. Deposit Ins. Corp. v. Victory Lanes*, 158 B.R. 617, 620 (E.D. Va. 1993); *SunTrust Bank v. Hudgins (In re Sys. Eng'g & Energy Mgmt. Assocs.)*, 284 B.R. 226, 230 (Bankr. E.D. Va. 2002).

A financing statement needs to be "sufficiently descriptive" of the collateral to trigger the requirement for third parties to inquire whether a particular asset is covered by a security agreement. *Varney Wood Prods. v. Strickler (In re Varney Woods Prods.)*, 458 F.2d 435, 437 (4th Cir. 1972). It suffices if it reasonably identifies the described collateral. VA. CODE ANN. §8.9A-108(a) (2001). Hence, while the mere filing of a security agreement is itself insufficient, financing statements can through specific and clear reference incorporate security agreements. *See, e.g.*, *SouthTrust Bank v. Orix Fin. Servs. (In re Mgmt. by Innovation, Inc.)*, 321 B.R. 742, 744 (Bankr. M.D. Fla. 2005) (identifying the "collateral as described **in this attached entire agreement**"); *Hixon v. Credit Alliance Corp.*, 235 Va. 466, 468-69, 369 S.E.2d 169, 171 (1988) (identifying collateral "as described in attached entire Agreement").

An adequate description of the collateral is necessary "to put third parties on notice of a possible lien on the collateral described, and when a description is insufficient, any lien is limited to the collateral properly described." *SunTrust Bank*, 284 B.R. at 232 (citations omitted). When the description is insufficient or seriously misleading, the trustee in bankruptcy is "entitled to prevail against the creditor claiming under the defective filing statement," for significant disparities or material omissions between the financing statement and security agreement that impede or frustrate inquiry preclude lien perfection. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank (In re I.A. Durbin, Inc.)*, 46 B.R. 595, 599-600 (Bankr. S.D. Fla. 1985).

In this case, D.M. Reid's Financing Statement used a narrower description of collateral than is found in the Consignment and Security Agreement. By indicating that parties should "SEE ATTACHED LIST," D.M. Reid's Financing Statement did not put third parties on notice of a need to inquire about security interests in collateral outside the scope of the collateral description in the

4

Attached List, namely "[a]ll inventory, furniture and furnishings . . . delivered to consignee . . . by consignor." In other words, rather than putting third parties on notice of any alleged security interests in non-consigned items, the Financing Statement specifically circumscribed the security interest to inventory supplied by D.M. Reid to Holladay "pursuant to a consignment agreement between the [parties]." As the bankruptcy court noted, a reasonable title searcher would likely conclude that the Consignment and Security Agreement was filed to identify the particular consignment agreement and to clarify that the collateral did not include inventory D.M. Reid delivered under any other agreement with Holladay. Moreover, to interpret the Consignment and Security Agreement as D.M. Reid wishes would be to render the Financing Statement's description of collateral seriously misleading.

The bankruptcy judge reviewed the thorough submissions of the parties and held a hearing on this matter. He heard testimony and considered all of the evidence. Given the evidence before the bankruptcy court, this Court does not find the bankruptcy court's findings of fact to be clearly erroneous. Further, the bankruptcy court properly applied the appropriate legal standards, and its conclusions of law are supported by the record. Accordingly, the bankruptcy court's determination that the appellant had a perfected security interest only in the inventory conveyed pursuant to the parties' Consignment and Security Agreement rather than in the entirety of the appellee's inventory is affirmed.

An appropriate Order shall issue.

<u>October 21, 2008</u>                 <u>           /s/           </u>
DATE                         RICHARD L. WILLIAMS
                                  SENIOR UNITED STATES DISTRICT JUDGE